## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM L. TRAPP, | : | Case No. 3:13-cv-18 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| DEAN KIMPEL, et al., | : | |
| | : | |
| Defendants. | : | |

**DECISION AND ENTRY: (1) GRANTING DEFENDANTS' MOTIONS TO
DISMISS (Docs. 11, 20, 24, 25, 40); (2) DENYING PLAINTIFF'S MOTION FOR
EXTENSION TO FILE AFFIDAVIT OF MERIT (Doc. 2) AS MOOT;
(3) DENYING PLAINTIFF'S MOTION TO ALLOW PRE-PRELIMINARY
PRETRIAL CONFERENCE DISCOVERY (Doc. 3); (4)DENYING AS MOOT
DEFENDANTS' MOTION TO STAY DISCOVERY (Doc. 28); AND
(5) TERMINATING THIS CASE ON THE DOCKET**

This case is before the Court on Defendants' Motions to Dismiss.  (Docs. 11, 20,

25, 25, 40).[1]  Plaintiff filed memoranda opposing each Motion.  (Docs. 23, 37, 36, 35,

45).  Defendants filed reply memoranda.  (Docs. 26, 42, 43, 44, 46).  In addition to these

pending Motions to Dismiss, Plaintiff filed a Motion requesting an extension to file an

affidavit of merit pursuant to Ohio Rule Civ. P. 10 (Doc. 2) and leave to conduct pre-

preliminary pretrial conference discovery (Doc. 3).  Defendant Stevenson moved to stay

discovery pending resolution of the pending Motions to Dismiss.  (Doc. 28).  All of these

Motions are now ripe for decision by the Court.

---

[1] The Court notes that the Motion to Dismiss filed by Defendant Fred Haussman (Doc. 40) is actually a
motion for judgment on the pleadings pursuant to Rule 12(c) because it was filed after the filing of an answer (Doc.
16).  The standard of review, however, is the same.  The standard for determining a motion for judgment on the
pleadings pursuant to Fed. R. Civ. P. 12(c) is the same as that for determining a Rule 12(b)(6) motion to dismiss.
*Lindsay v. Yates*, 498 F.3d 434, 437 n5 (6th Cir. 2007).

# I. FACTUAL ALLEGATIONS

For purposes of this motion to dismiss, the Court must: (1) view the Complaint in the light most favorable to Plaintiff, and (2) take all well-pleaded factual allegations as true. *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009); *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).

Plaintiff's Complaint consists of approximately twenty-three pages of allegations setting forth eighteen purported causes of action against fourteen identified Defendants and other unidentified, John and Jane Doe Defendants.  (Doc. 1).  The allegations establish that Plaintiff's brother, Greg Trapp, was shot to death at a home the brothers shared in Shelby County, Ohio on or about May 18, 1998.  (Doc. 1, PAGEID 6). Investigators purportedly identified Plaintiff as a suspect shortly after the murder, but Plaintiff contends insufficient evidence supported a criminal charge against Plaintiff at that time.  (Doc. 1, PAGEID 7).  After a year, the investigation into Greg Trapp's murder went cold and nobody was charged with the murder.  (Doc. 1, PAGEID 7).

Plaintiff alleges that, at some point in 2011, Defendants Kimpel and Stevenson reopened the murder investigation, with the approval of DeWine, together with cold case investigators, Kincaid, Wertz, Fry, Henry, Schemmel and Schlageter.  (*Id.*)  Plaintiff contends that the investigation targeted him and an individual named Vance Short, a friend or acquaintance of Plaintiff, despite the fact that the past investigation revealed "a dearth of evidence that he participated in any criminal activity[.]"  (*Id.*)  Ultimately, both Plaintiff and Short were indicted for murder.

2

On or about January 27, 2011, Plaintiff was arrested following his indictment on murder charges and remained detained until all charges against him were dismissed, without prejudice, on January 9, 2012.  (Doc. 1, PAGEID 8-9; Doc. 20, PAGEID 100-103).

Short plead guilty to conspiracy to commit murder and conspiracy to commit aggravated burglary.  (*Id.*)

In addition to the foregoing, Plaintiff allegedly suffers from physical and mental disabilities, including amputation of both legs, severe kidney disease, among other non-specified disabilities.  (*Id.*)  Plaintiff suffered the loss of one leg in 2004 and the loss of his other leg in 2005.  (*Id.*)  Plaintiff alleges that he suffered great medical injury and extensive exacerbation of his kidney condition during his detention because of the deliberate use of an improper diet and/or the deliberate indifference to his serious medical needs for his serious medical conditions.  (*Id.*)  Plaintiff alleges that "Defendants" decided to incarcerate him for the purpose of obtaining an advantage in his prosecution by requiring him to talk on recorded lines and be subjected to the stress, emotional distress, and anxiety caused by detainment, especially long term, and the additional pain and suffering, and further disability caused by his physical conditions, in order to increase the pressure to admit, confess, and/or cooperate.  (*Id.*)

Plaintiff alleges various claims against all Defendants pursuant to 42 U.S.C. §§ 1983, 1985-1988, as well as state law claims, including intentional infliction of emotional distress, medical negligence, wrongful incarceration, malicious prosecution,

3

abuse of process, false imprisonment, defamation, improper investigation and requests for declaratory relief. (Doc. 1). Each Defendant moves to dismiss the claims asserted on a number of grounds, including arguments that the allegations fail to meet the pleading standard of a "short and plain statement" required by Fed. R. Civ. P. 8(a). (Docs. 23, 37, 36, 35, 45). Plaintiff acknowledges that the Complaint, filed January 22, 2013, was drafted in haste and, in a footnote on the first page of the Complaint, represented an intent to amend pursuant to Fed. R. Civ. P. 15 upon completion of an investigation. (Doc. 1, PAGEID 1). To date, Plaintiff has not sought to amend his pleadings pursuant to Rule 15, though Plaintiff does request an opportunity to remedy any pleading deficiencies the Court should find. (Doc. 23, PAGEID 135; Doc. 35, PAGEID 240; Doc. 36, PAGEID 252; Doc. 37, PAGEID 291; Doc. 45, PAGEID 413-414).

## II. STANDARD OF REVIEW

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation

of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986).  Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

Accordingly, in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678.  A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. Rule Civ. Proc. 8(a)(2)).

Courts considering Rule 12(b)(6) motions to dismiss, in addition to well-pleaded allegations in the complaint, may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint[.]" *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citing *Nieman v. NLO, Inc.*, 108 F.3d 1546 (6th Cir. 1997)).

### III.  FEDERAL CIVIL RIGHTS CLAIMS

Plaintiff's Complaint seeks relief pursuant to 42 U.S.C. §§ 1983, 1985, 1986, 1987 and 1988.

"To prevail on a § 1983 claim, a plaintiff must establish that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States." *Green v. Throckmorton*, 681 F.3d 853, 859-60 (6th Cir. 2012) (citing *Waters v. City of Morristown, Tenn.*, 242 F.3d 353 (6th Cir. 2001)).  "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken "'under color of" state law." *Rowe v. State of Tennessee*, 609 F.2d 259, 262 (6th Cir. 1979).

To prevail under § 1985, Plaintiff must prove:

> "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."

*Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003) (citation omitted).  Claims under § 1985(3) require that "[t]he acts which are alleged to have deprived the plaintiff of equal protection must be the result of class-based discrimination." *Id.* (citation omitted).[2]  The language of § 1986 "makes actionable the failure to prevent 'any of the wrongs conspired to be done' under § 1985[,]" and therefore, "[a] § 1986 claim is 'dependent upon the

---

[2] Asserting membership in a class of one is not a sufficient basis to assert the special protection afforded by 42 U.S.C. § 1985(3).  *Royal Oak Entm't, LLC v. City of Royal Oak, Mich.*, 205 Fed. Appx. 389, 399 (6th Cir. 2006) (citing *McGee v. Schoolcraft Cmty. Coll.*, 167 Fed. Appx 429 (6th Cir.2006)).

existence of a valid § 1985 cause of action.'" *Irons v. City of Bolivar*, 897 F.Supp.2d 665, 670 (W.D. Tenn. 2012) (citing *Jaco v. Bloechle*, 739 F.2d 239 (6th Cir.1984)). Plaintiff alleges no class-based discrimination and omits any argument regarding such claims from his memoranda.  Accordingly, these purported claims are dismissed.

Finally, Plaintiff purports to assert claims pursuant to §§ 1987 and 1988. However, "[o]n its face, § 1987 does not authorize a private right of action." *Carpenter v. Ashby*, 351 Fed. Appx. 684, 687 (3rd Cir. 2009).  Further, § 1988 does not provide a private right of action.  *Id*. (citing *Moor v. County of Alameda*, 411 U.S. 693 (1973)). Accordingly, any claims purportedly asserted by Plaintiff under these provisions must be dismissed.

Thus, based on all of the foregoing, the Court concludes that § 1983 provides the only basis upon which Plaintiff can proceed in this case.

### A.    Short Plaint Statement Requirement

Many Defendants in this case argue that the Complaint fails to satisfy the requirements set forth in Fed. R. Civ. P. 8(a)(2) that a claim for relief in a pleading must "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  In this case, numerous Defendants are simply alleged to hold certain positions without any additional allegations regarding their individual conduct.  In response, Plaintiff alleges that the Court must accept all allegations against "Defendants" generally as factual averments "implicating the conduct" of each Defendant.  The Court disagrees with Plaintiff.

"[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."  *Iqbal*, 556 U.S. at 677; *see also Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012).  As a result, "damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right."  *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008).  "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery" against individual actors for alleged constitutional violations.  *Gilmore v. Corrections Corp. of Am.*, 92 Fed. Appx. 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149 (1978)); *see also Frazier v. Michigan*, 41 Fed. Appx. 762, 764 (6th Cir. 2002) (affirming dismissal where the plaintiff "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights").

A plaintiff must "allege that a specific defendant performed a specific act that suffices to state a [federal civil rights] claim."  *Kesterson v. Moritsugu*, 149 F.3d 1183, 1998 WL 321008, *4 (6th Cir. Jun. 3, 1998).  Courts appropriately dismiss a complaint where it merely identifies defendants as holding a particular position without specific allegations concerning acts performed by each individual defendant "that resulted in a deprivation of [plaintiff's] constitutional rights."  *Marcilis*, 693 F.3d at 605.  Simply "'lumping all the defendants together in each claim and providing no factual basis to

8

distinguish their conduct'" fails "'to satisfy [the] minimum standard' that 'a complaint give each defendant fair notice of what the plaintiffs claim is and the ground upon which it rests[.]'"  *Id.* (quoting *Atuahene v. City of Hartford*, 10 Fed. Appx. 33 (2nd Cir. 2001)).

Here, the Complaint sets forth a single allegation each concerning Defendants Bauer, Wagner, Lenhart, Haussman and Lee.  Plaintiff merely alleges that Defendant Bauer is a former prosecutor, that Defendant Wagner "was a Special Prosecutor[,]" that Defendant Lenhart is the Sheriff of Shelby County, that Defendant Haussman was a doctor at the Shelby County jail responsible for treatment of Plaintiff and that Defendant Lee is a nurse at the Shelby County Jail responsible for treating Defendant.  The Complaint fails to allege any act performed by any of these Defendants resulting in the deprivation of any specific right under federal law.

With regard to Defendants Kimpel, Stevenson, DeWine, Kincaid, Wertz, Henry, Schemmel and Schlageter, aside from their name appearing in the caption and an allegation identifying each by the position they held during "times relevant to the allegations," Plaintiff alleges that:

> In 2011, the Defendants, Dean Kimpel and James Stevenson, reopened the "cold case" with the approval of Defendant, Attorney General Mike DeWine, together with cold case investigators, Larry Kincaid, William Wertz, Shelby County Deputies/former deputies James Fry, Joanie Henry, Mark Schemmel & Doug Schlageter.

(Doc. 1, PAGEID 7).  In addition to the foregoing paragraph, Plaintiff alleges that Defendant Frye, at some point after Plaintiff's "kidneys failed and he developed high blood pressure and congestive heart failure . . . informed [Plaintiff's] mother that if she

and [Plaintiff] did not consent to paying for his medical expenses that he was going to die."  (Doc. 1, PAGEID 8).

The Court concludes that, with regard to all Defendants, the Complaint fails to satisfy the basis pleading standard set forth in Rule 8(a)(2) because the Complaint fails to give fair notice of the constitutional claims against each Defendant or the grounds upon which such constitutional claims are based.  *See Marcilis*, 693 F.3d at 605.  Where a complaint fails to comply with Rule 8, "the district court has the power, on motion or *sua sponte*, to dismiss the complaint or to strike such parts as are redundant or immaterial." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2nd Cir. 1995) (citation omitted).  Accordingly, based on all of the foregoing, the Court intends to dismiss the Complaint for failing to comply with the basic pleading standards set forth by Rule 8(a).

### B.    Section 1983 Claims Arising from an Investigation

A substantial portion of the factual pleadings relate to Plaintiff's displeasure with being the subject of a criminal investigation regarding the murder of his brother. Nevertheless, "[t]he law is clear . . . that 'there is no constitutional right to be free of investigation[.]'"  *Sloan v. Dept. of Hous. & Urban Affairs*, 231 F.3d 10, 18 (D.C. Cir. 2000) (citing *United States v. Trayer*, 898 F.2d 805, 808 (D.C. Cir. 1990), *cert. denied*, 498 U.S. 839 (1990)); *see also United States v. Allibhai*, 939 F.2d 244, 249 (5h Cir. 1991) (rejecting "the suggestion . . . that the government should have reasonable suspicion that an individual is involved in some illegality before targeting him in a sting

operation").  Accordingly, the Court finds that Plaintiff's Complaint set forth no facts demonstrating a plausible § 1983 claim arising from the investigation alone.

### C. Malicious Prosecution, False Arrest, False Imprisonment

Aside from allegations regarding Defendants' purported investigation, Plaintiff also alleges that "Defendants" initiated his prosecution despite the lack of probable cause. In essence, these allegations substantively assert claims of malicious prosecution, false arrest and false imprisonment, which are cognizable under § 1983.[3]

While Plaintiff purports to assert these claims pursuant to the Fourth, Fifth, Eighth and Fourteenth Amendment of the United States Constitution, courts recognize the existence of a malicious prosecution claims arising only from a violation of the Fourth Amendment.  *Thacker v. City of Columbus*, 328 F.3d 244, 258-59 (6th Cir. 2003); *Johnson v. Ward*, 43 Fed. Appx. 779, 782 (6th Cir. 2002) (holding that "[t]he right to be free from malicious prosecution 'must be asserted according to the Fourth Amendment'") (citing *Spurlock v. Satterfield*, 167 F.3d 995, 1006 n. 19 (6th Cir. 1999)); *see also Billock v. Kuivila*, No. 4:11-cv-2394, 2013 WL 591988, *3 (N.D. Ohio Feb. 14, 2013) (stating that "[a] § 1983 malicious prosecution claim is properly brought under the Fourth Amendment").[4]

---

[3]  In fact, Plaintiff characterizes his § 1983 claims as "based on, or analogous to, the common-law tort of false arrest."  (Doc. 37, PAGEID 273).

[4]  As set forth by the Sixth Circuit, "'the substantive component of the Fourteenth Amendment's Due Process Clause . . . may not serve as the basis for a § 1983 malicious prosecution claim.'"  *Johnson*, 43 Fed. Appx. at 782 (citing *Darrah v. City of Oak Park*, 255 F.3d 301 (6th Cir. 2001);  *Albright v. Oliver*, 510 U.S. 266 (1994); *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  Further, such a claim cannot properly be asserted "in terms of a violation of . . . substantive due process rights of the Fifth Amendment[.]"  *Wilson v. City of Livermore*, 1 Fed. Appx. 334, 337 (6th Cir. 2001).  Finally, such claims are not properly asserted under the guise of an Eighth

Constitutional claims based on theories of false arrest and false imprisonment also arise under the Fourth Amendment. *Gorcaj v. Medulla*, 51 Fed. Appx. 158, 159 (6th Cir. 2002) (stating that "a section 1983 claim based on theories of false arrest, false imprisonment, and malicious prosecution stands on the Fourth Amendment"); *see also Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009) (stating that "[a] person who has been the victim of an unlawful arrest or wrongful seizure under the color of law has a claim based on the Fourth Amendment guarantee that government officials may not subject citizens to searches or seizures without proper authorization"); *Corbin v. Brown*, No. C-1-08-781, 2010 WL 3452332, *2 (S.D. Ohio Mar. 29, 2010).

To prevail on a malicious prosecution claim under the Fourth Amendment, Plaintiff must demonstrate four elements. First, "that a criminal prosecution was initiated against the plaintiff and that the defendant 'ma[d]e, influence[d], or participate[d] in the decision to prosecute.'" *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (alterations in original) (citations omitted). Second, "the plaintiff must show that there was a lack of probable cause for the criminal prosecution[.]" *Id*. (citation omitted). The third element requires that plaintiff evidence "a 'deprivation of liberty,' . . . apart from the initial seizure." *Id*. at 308-09. Fourth, Plaintiff must show that "the criminal proceeding . . . resolved in [his] favor." *Id*. at 309.

---

Amendment violation. *Bacon v. Patera*, 772 F.2d 259, 264 (6th Cir. 1985) (holding that "[i]t would require a tremendous expansion of eighth amendment doctrine to hold that simple misuse of the state's prosecutorial machinery constitutes the type of 'cruel and unusual punishment' that the eighth amendment was meant to prohibit").

12

Section 1983 claims of false imprisonment and false arrest also "turn[] on the question of probable cause."  *Gorcaj*, 51 Fed. Appx. at 159; *see also Wolgast v. Richards*, 389 Fed. Appx. 494, 501 (6th Cir. 2010) (quoting *Mark v. Furay*, 769 F.2d 1266 (7th Cir. 1985) (holding that "the existence of probable cause for an arrest totally precludes any section 1983 claim for unlawful arrest, false imprisonment, or malicious prosecution, regardless of whether the defendants had malicious motives for arresting the plaintiff"); *Gumble v. Waterford Twp.*, 171 Fed Appx. 502, 507 (6th Cir. 2006).  "'[I]n order for a wrongful arrest claim to succeed under § 1983, a plaintiff must prove that the police lacked probable cause.'"  *Brooks*, 577 F.3d at 706 (citation omitted).

Here, aside from the aforementioned omission of any allegation that any of the fourteen individually named Defendants specifically made, influenced, or participated in the decision to prosecute, arrest and/or incarcerate Plaintiff, the allegations, taken as true, undermine § 1983 claims of malicious prosecution, false imprisonment and false arrest because the pleadings and public records conclusively establish the existence of probable cause.  Plaintiff specifically alleges he was indicted for murder.  In addition to Plaintiff's specific factual allegation in this regard, the Court considers the grand jury indictment against Plaintiff from the Shelby County, Ohio Court of Common Pleas, dated January 11, 2011.  (Doc. 20-1).[5]

---

[5] This Court may consider matters of public record without converting a Rule 12 motion to dismiss into a Rule 56 motion for summary judgment.  *Sykes v. United States*, 507 Fed. Appx. 455, 457 (6th Cir. 2012) (stating that, "[w]hen ruling on a motion to dismiss under Rule 12(b)(6), the court may consider public records and exhibits attached to the complaint without converting the motion to one for summary judgment under Federal Rule of Civil Procedure 56").

Courts conclude that "[a] grand jury indictment conclusively demonstrates the existence of probable cause for purposes of a § 1983 malicious prosecution claim" in the absence "of perjured testimony or irregularity in the grand jury proceeding so as to indicate that the indictment was somehow tainted[.]" *LeFever v. Ferguson*, --- F.Supp.2d ----, 2013 WL 3456758, *16 (S.D. Ohio Jul. 9, 2013); *see also Stanley v. City of Norton*, 124 Fed. Appx. 305, 310 (6th Cir. 2005) (stating that "probable cause has *per se* been established by grand jury indictment" and, therefore, "no action for false arrest or malicious prosecution will like here"). Here, Plaintiff sets forth no factual allegations of irregularities in the grand jury proceedings.

Thus, "[b]ecause the facts show that probable cause did exist based on the indictment, Plaintiff[] cannot demonstrate a violation of [his] Fourth Amendment rights[.]" *Bakos v. City of Olmsted Falls*, 73 Fed. Appx. 152, 158 (6th Cir. 2003) (citation omitted). Because the Complaint alleges the existence of probable cause and alleges no irregularities, Plaintiff's § 1983 claims of malicious prosecution, [6] false imprisonment and false arrest must be dismissed for failure to state a claim.

---

[6] Plaintiff's § 1983 malicious prosecution claim must be dismissed for additional reasons as well. First, Plaintiff's allegations, taken as true, demonstrate that the criminal proceedings against him were dismissed without prejudice. In fact, in opposing Defendants' Motions to Dismiss, Plaintiff contends that the threat of being re-indicted on murder charges adds to his "emotional distress." As noted by a number of Defendants, a dismissal without prejudice with the threat of re-indictment is not a termination of the prosecution in Plaintiff's favor under Ohio law. *See LeFever*, 2013 WL 3456758, *18-19; *see also Mann v. Genoa Twp.*, No. 01CAE03011, 2002 WL 221112, *4 (Ohio App. Feb. 11, 2002). Accordingly, Plaintiff's allegations, taken as true, demonstrate the lack of the required fourth element of a Fourth Amendment malicious prosecution claim.

Second, the prosecutor defendants are entitled to absolute prosecutorial immunity on Plaintiff's § 1983 claim of malicious prosecution. "[T]he common law principle of absolute immunity for prosecutors applies to § 1983 claims." *Beckett v. Ford*, 384 Fed. Appx. 435, 450 (6h Cir. 2010) (citing *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976)). This is so even though "'this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.*

## D.     Deliberate Indifference

Plaintiff also alleges a denial of adequate health care while detained.  He alleges that "[t]he medical care provided . . . evinced a deliberate indifference to his serious medical need."  (Doc. 1, PAGEID 11).  Plaintiff contends that the care received failed to meet "medical standards of adequacy commensurate with modern medical science and of a quality acceptable within prudent professional standards."  (Doc. 1, PAGEID 10).  Plaintiff alleges that he was denied "adequate medical care which would have prevented and/or mitigated Plaintiff's serious medical injuries."  (*Id*.)  Plaintiff purports to assert such a claim under the Fourth and Eighth Amendments.

"The Eighth Amendment forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medical needs."  *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)).  The United States Constitution affords the same protection to pretrial detainees "under the Due Process Clause of the Fourteenth Amendment."  *Id*. (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)).

Here, Plaintiff was a pretrial detainee, not a convicted inmate, and therefore, the Eighth Amendment does not apply.  Nevertheless, the mere fact that Plaintiff asserts his claim under the Eighth Amendment is not critical, and the Court simply construes his claim as one arising under the Fourteenth Amendment.

The determination of whether Defendants acted with deliberate indifference requires application of an objective and subjective test.  *Napier v. Madison County,*

*Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001) (citing *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000)). The objective analysis requires proof that that the "alleged deprivation is 'sufficiently serious.'" *Id*. (quoting *Brown*, 207 F.3d at 867). To satisfy this requirement, Plaintiff "'must show that he is incarcerated under conditions posing a substantial risk of serious harm.'" *Id*. (citing *Brown*, 207 F.3d at 867).

The subjective analysis requires proof "that prison officials had 'a sufficiently culpable state of mind.'" *Id*. (citing *Brown*, 207 F.3d at 867). "To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001). More than mere negligence is required "to prevent the constitutionalization of medical malpractice claims." *Id*. Instead, the required mental state "'is the equivalent of recklessly disregarding'" a perceived "'substantial risk of serious harm to a prisoner.'" *Id*. (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)).

Here, assuming Plaintiff adequately alleges a sufficiently serious medical condition, his allegations nevertheless fail to allege any facts in support of the subjective component required to state a claim of deliberate indifference. Simply put, there are no allegations that any of the fourteen individually named Defendants perceived a risk of harm and then deliberately disregarded that risk. In addition, the Court notes that Plaintiff alleges inadequate medical care and the Sixth Circuit holds that, "[w]here a

prisoner alleges only that the medical care he received was inadequate, 'federal courts are generally reluctant to second guess medical judgments.'" *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (citing *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir.1976)).  Accordingly, Plaintiff's § 1983 claim for deliberate indifference must be dismissed for failure to state a claim.

### E.    Policies and Procedures

"An official-capacity claim is equivalent to a claim against the entity that employs the defendants named in their official capacity." *Ledbetter v. Bean*, No. 2:13-cv-00012, 2013 WL 1284324, *3 (M.D. Tenn. Mar. 28, 2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).  "A governmental entity may be held liable for constitutional violations only if those violations are the result of an official policy or custom." *Myers v. Delaware Cnty, Ohio*, No. 2:07-cv-844, 2008 WL 4862512, *11 (S.D. Ohio Nov. 7, 2008).  Here, Plaintiff alleges no specific policy or custom upon which his claim is based and there are no factual allegations upon which a policy or custom can be implied.  *See Fisher v. Dodson*, 451 Fed. Appx. 500, 502 (6th Cir. 2011).

To prevail on a failure to train, supervise or discipline claim, Plaintiff must show "'(1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury.'" *Marcilis*, 693 F.3d at 605.  To show "deliberate indifference, the plaintiff 'must show prior instances of unconstitutional conduct demonstrating that the County has ignored a history of abuse

17

and was clearly on notice that the training in this particular area was deficient and likely to cause injury.'" *Miller v. Sanilac Cnty*, 606 F.3d 240, 255 (6th Cir. 2010) (citation omitted).  Here, Plaintiff sets forth no allegation that Defendants "displayed such a complete failure to train[,]" supervise or discipline "officers that constitutional violations were substantially certain to result." *See Okolo v. Metro. Gov't of Nashville*, 892 F.Supp.2d 931, 944 (M.D. Tenn. 2012).

Accordingly, these claims must be dismissed for failing to state a claim.

## F. Qualified Immunity

"A finding that a constitutional violation occurred is required to deny defendants qualified immunity[.]" *Estate of Smithers ex rel. Norris v. City of Flint*, 602 F.3d 758, 767, n9 (6th Cir. 2010) (citing *Hills v. Kentucky*, 457 F.3d 583, 587 (6th Cir.2006). Absent any cognizable claim asserting a constitutional violation, the Court "need not reach the issues of qualified immunity[.]" *Id.*; *Criswell v. Wayne Cnty, Kentucky*, 165 F.3d 26, 1998 WL 598739, *2 (6th Cir. Aug. 27, 1998) (stating that "[b]ecause we find no constitutional violation, we need not reach the issue of qualified immunity"); *Mays v. City of Dayton*, 134 F.3d 809, 813 (6th Cir. 1998) (stating that "[i]f the court finds no valid claim pursuant to 42 U.S.C. § 1983, the court need not reach the issue of qualified immunity").  Finding Plaintiff fails to state a constitutional violation, the Court need not reach the issue of qualified immunity.

### G. Pre-Preliminary Pretrial Conference Discovery

Plaintiff, predicting an "onslaught of . . . motions to dismiss[,]" filed a motion contemporaneously to the filing of his Complaint requesting leave to conduct pre-preliminary pretrial conference discovery in the nature of "limited interrogatories[.]"[7] Plaintiff seeks pre-preliminary pretrial conference discovery so that he can "ascertain who was involved at what stage in order to identify them in the causes of action for which they were included[.]" (Doc. 3, PAGEID 29). There is no indication that Plaintiff is without sufficient information to allege facts to support his claims.

Nevertheless, regardless of how limited Plaintiff's requested discovery is, at this stage, because his "complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise." *Iqbal*, 556 U.S. at 686; *see also New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (concluding that "plaintiff may not use the discovery process to obtain" facts which would raise relief beyond the speculative level "after filing suit"). While "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678; *see also Curney v. City of Highland Park*, No. 11-12083, 2012 WL 1079473, *5 (E.D. Mich. Mar. 30, 2012) (stating that a plaintiff cannot simply allege liability and

---

[7] Federal Rule 26(d)(1) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

hope "that discovery will reveal facts to support the claim" because "[a] lawsuit is not a fishing expedition for a plaintiff to discover a claim against the defendant").

Accordingly, based on the foregoing, Plaintiff's Motion to Allow Discovery Prior to the Rule 26(f) Conference (Doc. 3) is **DENIED**.

### H.    Conclusion Regarding Federal Claims

For all of the reasons set forth above, the Court concludes that the Complaint fails to state a claim for relief under 42 U.S.C. § 1983.  Accordingly, Plaintiff's Complaint must be dismissed.  District courts have discretion in determining whether to dismiss a complaint or to allow plaintiff the opportunity to amend.  *See U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003).  In cases "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."  *Id.* (citing *EEOC v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir. 1993)).  Denial for further amendments to the complaint "may be appropriate . . . where there is ' . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.'"  *Id.* (citing *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir.2002) (quoting *Foman v. Davis*, 371 U.S. 178 (1962))).

Here, the Court concludes that a more carefully drafted complaint would not overcome deficiencies in Plaintiff's Complaint.  Plaintiff's naked request for leave to amend, set forth at the conclusion of his memoranda in opposition as an alternative to

dismissal, generally asserts that the Complaint was drafted in haste to avoid statute of limitations concerns.  Although clearly anticipated by Plaintiff upon the filing of the Complaint, he has not requested to amend his pleading pursuant to Rule 15 and has not presented this Court with any additional factual allegations that would support any of the federal causes of action alleged, most specifically, facts that could support Plaintiff's malicious prosecution, false imprisonment/false arrest claims under § 1983 in light of conclusive allegations that probable cause existed to support a grand jury indictment; or Plaintiff's deliberate indifference claims in which he simply alleges inadequate care.

This case has been pending for over seven months and, despite Plaintiff's continued acknowledgement that an amended pleading would be required in this litigation, to date, Plaintiff has not specifically requested leave to amend the pleadings with a proposed complaint that would adequately present substantive allegations setting forth his claims with any particularity.  *See Scrap Yard, LLC v. City of Cleveland*, 513 Fed. Appx. 500, 507 (6th Cir. 2013) (finding no error in the district court's refusal to allow amended pleading before ultimate dismissal where plaintiffs "submitted a 'bare request'" and never "explained what they would claim in an amended complaint beyond additional vague allegations of wrongdoing").  Instead, Plaintiff sets forth a bare request to amend as a last alternative to dismissal.

Accordingly, the Court **DISMISSES** Plaintiff's Complaint and **DENIES** Plaintiff's cursory request to amend his pleading in lieu of dismissal.

## IV.  STATE CLAIMS

In civil cases where district courts possess original jurisdiction, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]"  28 U.S.C. § 1367(a).  District courts may, however:

> decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  "In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'"  *Gamel v. City of Cincinnati*, 625 F.3d 949, 951-52 (6th Cir. 2010) (citations omitted).

In cases where the district court dismisses the federal claims "before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed."  *Id*. at 952 (citing *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-1255 (6th Cir.1996); 28 U.S.C. §

1367(c)(3)); *see also Gamel v. City of Cincinnati*, No. 1:10cv15, 2010 WL 2179669, at *2 (S.D. Ohio May 28, 2010) (stating that "the dismissal of federal law claims in the early stages of a lawsuit will normally cause the District Court to decline to continue to exercise supplemental jurisdiction over the state law claims").

There are certain situations, however, "where a district court should retain supplemental jurisdiction even if all of the underlying federal claims have been dismissed." *Id.* Such situations include cases involving "forum manipulation" by a plaintiff, situations where the case had been pending in the district court for a substantial period of time before dismissal of the federal claims, where discovery in the federal court is complete or where summary judgment motions before the district court are "ripe for decision." *Id.* (citing *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195 (6th Cir. 2004)).

Here, there are no unique circumstances favoring the exercise of supplemental jurisdiction over Plaintiff's state law claims. Accordingly, the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff's state law claims and **DISMISSES** the state law claims.

## V.  DECLARATORY JUDGMENT

Plaintiff also requests declarations that: (1) the practice of recording jailhouse telephone calls violates the Fifth Amendment's protection against self-incrimination; and (2) that Ohio's medical malpractice tort reform statutes are unconstitutional. "In a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such

23

declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

District courts possess "discretion to decide whether to entertain actions for declaratory

judgments." *Adrian Energy Associates v. Michigan Pub. Serv. Comm'n*, 481 F.3d 414,

421 (6th Cir. 2007).

In determining whether to exercise jurisdiction, Courts analyze the following five

factors:

> (1) whether the judgment would settle the controversy;
>
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
>
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
>
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
>
> (5) whether there is an alternative remedy that is better or more effective.

*Id.* (citing *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 967 (6th Cir. 2000)).

Here, Plaintiff fails to plead the existence of any actual controversy concerning the

jailhouse recordings. The criminal charges against Plaintiff were dismissed, albeit,

without prejudice. However, Plaintiff's allegations fail to establish any impending threat

of Defendants seeking to re-file criminal charges. Even assuming that an actual

controversy exists, the Court would decline to accept jurisdiction over Plaintiff's request

for declaratory judgment regarding the constitutionality of recording jailhouse telephone

calls because Plaintiff's request presents nothing more than an effort to seek an advanced evidentiary ruling in a potential criminal case.  The proper and most effective remedy would be an evidentiary ruling in any such future criminal proceeding.  Accordingly, the request for such relief is dismissed without prejudice.

With regard to Plaintiff's requests for declaratory judgment concerning certain Ohio tort reform statutes that could impact potential medical malpractice claims, the Court again finds no actual controversy,[8] and even if one exists, a determination regarding the constitutionality of the challenged statutes would not resolve the

---

[8] In Ohio, "'[a] cause of action for medical malpractice accrues and the one-year statute of limitations, R.C. 2305.113(A), begins to run when the patient discovers, or in the exercise of reasonable care and diligence should have discovered, the resulting injury." *Tausch v. Riverview Health Inst.*, 187 Ohio App.3d 173, 931 N.E.2d 613, 620-21 (Ohio App. Feb. 12, 2010) (citing *Oliver v. Kaiser Community Health Found.*, 5 Ohio St.3d 111, 449 N.E.2d 438 (Ohio 1983); *Frysinger v. Leech*, 32 Ohio St.3d 38, 512 N.E.2d 337 (Ohio 1987).  Such a claim "starts to run upon the occurrence of a 'cognizable event." *Flowers v. Walker*, 63 Ohio St.3d 546, 589 N.E.2d 1284 (Ohio 1992).

Here, Plaintiff alleges that he "required dialysis for the first time during his incarceration, and that, "*[w]hile he was incarcerated*," his "kidneys failed and he developed high blood pressure and congestive heart failure."  (Doc. 1, PAGEID 8) (emphasis added).  Based on these allegations, it appears Plaintiff was aware of his injuries and should have been on notice of his claims before January 9, 2012, *i.e.*, the date of his release from incarceration.  Plaintiff did not file his Complaint in this case until January 22, 2013, more than one year after his release from incarceration.

Plaintiff contends that the statute of limitations commenced on the date Plaintiff first consulted with his attorney and purported first discovered "that his rights had been violated[.]"  (Doc. 45, PAGEID 413).  Plaintiff's contention in this regard is without merit.  *See Flowers*, 63 Ohio St.3d at 549 (stating that "*constructive* knowledge of facts, rather than *actual* knowledge of their legal significance, is enough to start the statute of limitations running under the discovery rule only response to such an assertion is that he first discovered his claims") (emphasis in original).  Instead, "[a] 'cognizable event' is the occurrence of facts and circumstances which lead, or should lead, the patient to believe that the physical condition or injury of which she complains is related to a medical diagnosis, treatment, or procedure that the patient previously received."  *Id*.

Here, Plaintiff specifically alleges that his kidneys failed and he required dialysis for the first time while incarcerated.  Such events would lead a reasonable patient to believe his condition or injury is related to his treatment.  Accordingly, the Court agrees that based on the allegations presented, taken as true, that Plaintiff discovered the injury allegedly resulting from any claimed medical negligence while he was incarcerated, and therefore, that his claim accrued while he was detained prior to January 9, 2012, *i.e.*, when he first began dialysis or when his kidneys failed.  Accordingly, it appears that Plaintiff's medical negligence claim, filed January 22, 2013, is untimely.  Therefore, his requests for declaratory relief related to his medical negligence claims present no actual controversy.

controversy between the parties relative to Plaintiff's purported medical negligence claims. Accordingly, those requests for relief are also dismissed without prejudice.

## VI. CONCLUSION

Accordingly, based on all of the foregoing, the Court: (1) **GRANTS** Defendants' Motions to Dismiss (Docs. 11, 20, 24, 25, 40); (2) **DENIES** Plaintiff's Motion for Extension to File Affidavit of Merit (Doc. 2) as moot; (3) **DENIES** Plaintiff's Motion to Allow Pre-Preliminary Pretrial Conference Discovery (Doc. 3); (4) **DENIES** as moot Defendant Stevenson's Motion to Stay Discovery (Doc. 28); and (4) **TERMINATES** this case on the Court's docket.

**IT IS SO ORDERED.**


Date:  8/23/12                                  _s/ Timothy S. Black_
                                                Timothy S. Black
                                                United States District Judge